ERNEST C. BRAGONIER, Respondent, v. BROUGHAM STEVENSON, Appellant.

(187 N. W. 615)

**Mortgages — judgment canceling notes held supported by convincing evidence.**
Because of fraud, misrepresentation and want of consideration the trial court gave judgment cancelling two promissory notes and a mortgage made by the plaintiff to the defendant. *Held* that the judgment is in accord with convincing evidence.

Opinion filed April 1, 1922

Appeal from the District court of Bowman county; *Lembke*, J.

Affirmed.

*Theo. B. Torkelson,* for appellant.

*Emil Scow,* for respondent.

ROBINSON, J.  About six years ago, in Nebraska, the plaintiff made to defendant his promissory notes for $1,100 and secured the same by a mortgage on the land described in the complaint.  The plaintiff brings this action to cancel the notes and the mortgage, alleging fraud and want of consideration.  By cross-complaint defendant demands judgment for $1,100 and interest, and that the land be sold to satisfy the same.  Defendant appeals from a judgment against him.  The record is lengthy and cumbersome, and the testimony is conflicting.

At Sholes, Neb., defendant was a banker and the manager of a store which he had installed and which was known as the Farmers' Store.

He had a fourth interest in the store, and the notes and mortgage were given as the purchase price of his interest. The plaintiff contracted to serve as manager for $50 a month in cash and $50 a month to be invested in the store. It was a country store with an old stock of dry goods, clothing, and groceries. Defendant and his partners had run the store for a year. He had bought the original stock at Benson, a suburb of Omaha. It was the total remains of a closing-out stock. Of course the question is one of fraud and misrepresentation. After plaintiff had run the store for about a year he brought an action in Nebraska to rescind the contract. While the action was dismissed because of laches, the court found thus:

"That at the time of the execution and delivery to the defendant of said promissory notes and mortgage the plaintiffs, nor either of them, did not know the value of the property of said Farmers' Store Company, nor the amount of its indebtedness, but relied upon the statements of the defendant as to the value of said property and the amount of said indebtedness, and believed the same to be true, and that in truth and in fact the amount of the indebtedness of said partnership existing at the time of said representations to plaintiffs by defendant was the sum of at least $4,500, and the same continued to be an indebtedness against said partnership after plaintiff, Ernest C. Bragonier, purchased said undivded one-fourth interest therein, and such indebtedness had never been reduced by defendant to the sum of $1,500, or any sum, but continued the liability of said copartnership."

That finding is substantially in accord with the finding of our trial court, and it is sustained by convincing testimony, regardless of the fact that the greater number of witnesses testify to the contrary. To induce the plaintiff to purchase his one-fourth interest in the store, it seems defendant represented to him that the debts of the store amounted to only $1,500, and concealed from the plaintiff a debt of $4,400 on promissory notes made by the store company to the defendant's bank. And while in the store as manager plaintiff was induced to renew the notes to the bank, and to pay some interest on assurances that the notes were merely for the accommodation of the bank. But, as time elapsed, defendant demanded that the supposed accommodation notes be secured by a mortgage on all the stock of goods in the store, or that goods to the amount of $4,400 be turned over to the bank in payment of the notes. Then plaintiff's eyes were opened, and he refused the demand, and was put out of the store, and was forced to abandon to Stevenson all his

rights under the contract. Of course defendant insists and swears that there was no fraud or misrepresentation, and that the plaintiff signed the notes and mortgage with full knowledge of all the material facts. The testimony is lengthy, cumbersome, and conflicting, and it does admit of cogent arguments pro and con. But one thing is entirely certain, that if the plaintiff signed the notes and mortgage without deception and with actual knowledge of the facts in regard to the stock of goods and the debts of the store company, then he, the plaintiff, must be a mere dolt and in need of a guardian. Hence the strong probability is that he was deceived and misled. After serving in the store for nearly a year and receiving only $50 a month in cash, he was forced to quit the store and to abandon all his interest to the defendant. He was forced to a practical rescission of the contract. He has received nothing from the defendant or the store company, and he should pay nothing.

Judgment affirmed.

CHRISTIANSON and BIRDZELL, JJ., concur.

BRONSON, J. (specially concurring). The plaintiff brought an action to quiet title. The defendant answered by setting up plaintiff's notes and real estate mortgage and demanding the foreclosure thereof. The plaintiff replied by alleging that the notes and mortgage were obtained through fraud and deceit to plaintiff's damage in the amount of such notes, and by demanding that the notes and mortgage be canceled. The trial court found that through false and fraudulent representation the plaintiff was induced to make the notes and mortgage; that at the time the same were made, the indebtedness of the store exceeded the amount of its property; and that for the one-fourth interest in the partnership, on account of which the notes were executed, plaintiff received no consideration whatever. The trial court concluded that the plaintiff was entitled to have his title quieted in the land and the morgtage lien of the defendant canceled. The defendant has appealed from the judgment thus entered, and has demanded a trial de novo. He contends that the evidence is insufficient to establish misrepresentation by the defendant, and to establish that plaintiff was damaged, in any event, to the amount of the notes. Upon review of the record, I am of the opinion that the

findings of the trial court find substantial support in the evidence, and should not be disturbed.

The judgment accordingly should be affirmed.

GRACE, C. J., concurs.